# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE THROWER and ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br><br>CITIZENS DISABILITY, LLC, a Massachusetts limited liability company,<br><br>*Defendants*. | Civil Action No.<br><br><br>CLASS ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

1.      Plaintiffs Gene Thrower ("Thrower") and Abante Rooter and Plumbing, Inc. ("Abante") bring this Class Action Complaint ("Complaint") against Defendant Citizens Disability, LLC ("Citizens Disability" or "Defendant") to: (1) stop Defendant's practice of placing telemarketing telephone calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent, (2) stop its practice of placing text message calls using an ATDS to cellular telephones of consumers nationwide without their prior express written consent, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiffs, for their Class Action Complaint, alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      Defendant Citizens Disability offers services to assist disabled persons in applying for Social Security Disability benefits in exchange for a percentage of those benefits. In an effort to market its services, Citizens Disability made (or directed to be made on its behalf) autodialed phone calls and autodialed text message calls to the cellular telephones of Plaintiffs and other members of the alleged Classes without first obtaining express consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

3.      By making these autodialed calls, Citizens Disability caused actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompany the receipt of repeated unsolicited text messages and telemarketing calls. Plaintiff and the other Class members were further harmed insofar as the calls interfered with their use and enjoyment of their cellular telephones and reduced the allotted memory and data from their phones.

4.      Congress enacted the TCPA to protect consumers from autodialed phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief requiring Defendant to cease all autodialed telephone calling activities to cell phones without first obtaining prior express consent. Plaintiff also seeks an award of statutory damages to the members of the Class under the TCPA, plus court costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff Thrower is a natural person over the age of eighteen (18) and a citizen of the State of Georgia. Thrower resides in Watkinsville, Oconee County, Georgia.

6.      Plaintiff Abante is a plumbing company headquartered in Emeryville, Alameda County, California.

7.      Defendant Citizens Disability, LLC, is a limited liability company organized in and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 1075 Main Street, 4th Floor, Waltham, MA 02451.

## JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

9.      This Court has personal jurisdiction over Citizens Disability because it solicits

significant consumer business in this District, is headquartered in this District, has entered into business contracts in this District, and a portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this District, solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

11.     Unfortunately for consumers, Citizens Disability casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its products and services, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed phone calls and text message calls to consumers' telephones, including cellular telephones, without prior express consent to make these calls. These calls are placed to consumers' cellular telephones using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

12.     In Defendant's attempt to market its services, it placed (and continues to place) autodialed phone and text message calls to consumers that never provided consent to be called or texted and to consumers with whom it has no prior relationship.

13.     The TCPA was enacted to protect consumers from unsolicited telephone calls and text message calls like those alleged in this case.

14.     By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Class actual harm and cognizable legal injury. This includes aggravation, nuisance, and invasions of privacy that result from the placement and receipt of

such unwanted calls, a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and an interruption in and loss of the use and enjoyment of their telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

15.     Defendant knowingly made (and continues to make) telemarketing phone and text message calls without the prior express consent of the call recipients.

16.     As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

17.     At no time did Defendant obtain prior express consent from the Plaintiffs and the Class members orally or in writing to receive calls from Defendant notwithstanding the presence of their phone numbers on the Do Not Call list.

18.     Defendant knowingly made, and continues to make, telemarketing calls to numbers on the Do Not Call list without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

19.     Defendant was, and is, aware that the autodialed and prerecorded calls described herein were made to consumers like Plaintiffs who have not consented to receive them.

20.     To the extent any third party made the calls, the third party acted on behalf of Defendant, at Defendant's direction and control, for Defendant's knowing benefit, and with Defendant's approval. Defendant ratified the making of any such calls.

21.     To redress these injuries, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited calls to telephones registered on the Do Not Call list.

## FACTS SPECIFIC TO PLAINTIFF THROWER

22.     Plaintiff Thrower is the owner and customary user of a cellular telephone number ending in 6145.

23.     On March 13, 2019, Thrower received an unsolicited telemarketing call from the number 339-209-1397.

24.     When Thrower answered the March 13, 2019 call, Thrower said "Hello" and heard and pause and then a subsequent click indicating that a live person was joining the line. This is a telltale sign of an ATDS. On information and belief, the technology and equipment used by Defendant had the present capacity to store and dial random or sequential numbers. The dialer functioned like a predictive dialer in that it allowed for calls to be placed *en masse* without human intervention.

25.     Once the live operator joined the call, she provided Thrower with a call back number of 877-977-3443. On information and belief, this number is owned, operated, and/or controlled by Defendant.

26.     Thrower was then transferred to a second operator, who provided him with the website of citzensdisability.com if he wished to learn more. This website is owned, operated, and/or controlled by Defendant.

27.     After answering one of the phone calls, Thrower was connected to a live operator who identified herself as a representative of Citizens Disability.

28.     Thrower does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and never requested that Defendant place telemarketing calls to him or offer him its services. Simply put, Thrower has never provided any form of prior express written or oral consent to Defendant to place autodialed calls to him and he has no

business relationship with Defendant.

29.     Defendant is, and was, aware that the above-described calls were placed to consumers like Plaintiff who had not consented to receive them.

30.     By making the unauthorized calls as alleged herein, Defendant has caused consumers actual harm.

31.     In order to redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227" or "TCPA"), which prohibits unsolicited voice and text calls to cellular telephones. On behalf of the Class, Thrower seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF ABANTE

32.     Plaintiff Abante is the owner and customary user of a cellular telephone number ending in 7447.

33.     On July 29, 2019, Abante received an unsolicited telemarketing call from the number 510-876-0956. Upon answer this call, Abante spoke with someone named Roger, and was then transferred to Arnold Welch, an employee of Defendant. After the call, Abante received an email from Arnold sent from the email address awelch@citizensdisablity.com.

34.     Later on July 29, 2019, Plaintiff received another autodialed call from Defendant, this time from the phone number 510-964-3970. During this call, Plaintiff spoke with a representative of Citizens Disability named Johnathan. Plaintiff informed Johnathan that it was not interested.

35.     Despite this, Plaintiff received yet another call from Defendant on July 29, 2019.

Plaintiff yet again informed the Citizens Disability operator that it was not interested.

36.     On July 30, 2019, Plaintiff received another call from Citizens Disability. After this call, Plaintiff received an email from Robert Schutt, an employee of Citizens Disability with the email address of rshutt@citizensdisability.com.

37.     Upon answering each of Defendant's calls, Abante heard the same pause and subsequent click that Thrower heard, indicating that the calls to Abante were placed using an ATDS. On information and belief, the technology and equipment used by Defendant had the present capacity to store and dial random or sequential numbers. The dialer functioned like a predictive dialer in that it allowed for calls to be placed *en masse* without human intervention.

38.     To make matters worse, Abante also received an unsolicited text message call from Citizens Disability on September 13, 2019 which said:



39.     The use of a shortcode to send the text message to Abante is strong evidence that an ATDS was used to place the text message call.

40.     Abante does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and never requested that Defendant place telemarketing calls to him or offer him its services. Simply put, Thrower has never provided any form of prior express written or oral consent to Defendant to place autodialed calls to him and he has no business relationship with Defendant.

41.     Defendant is, and was, aware that the above-described calls were placed to consumers like Plaintiff who had not consented to receive them.

42.     By making the unauthorized calls as alleged herein, Defendant has caused consumers actual harm.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

> **No Consent Class**: All persons in the United States who (1) received a text message call or telephone call by or on behalf of Defendant, (2) on his or her cellular telephone, (3) from the last four years through the date notice is sent to the Class, (4) for the same purpose as Defendant placed the text message or telephone call to Plaintiffs, (5) using the same equipment that was used to call or text the Plaintiffs, and (6) for who Defendant claims it obtained express consent to place the text message or telephone call in the same manner that Defendant contends it obtained express consent to call Plaintiffs.

44.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys and Defendant's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition

following appropriate discovery.

45.     Membership in the Class is completely objective and can be readily ascertained through examination of Defendant's records, including data stored within and/or related to its messaging equipment and data stored on Defendant's servers related to its websites. Class member phone records could also be used secondarily to verify Class membership.

46.     On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

47.     There are several questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class members that may be answered in a single stroke include, but are not limited to, the following:

(a)      whether Defendant's conduct constitutes a violation of the TCPA;

(b)      whether Defendant utilized an automatic telephone dialing system to send text message and telephone calls to members of the Class;

(c)      whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(d)      whether Defendant had prior express written consent to call Plaintiffs and the Class members;

(e)      whether the calls and texts were placed using an ATDS; and

(f)      the proper measure of damages.

48.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in nearly identical injuries to the Plaintiff and to all of the members of the Class. These injuries include the annoyance and aggravation associated with receiving such messages, as well as the loss of data and temporary inability to enjoy and use

their cellphones, which directly result from the transmission of the wireless spam alleged herein. Defendant's text messages additionally interfered with the Class members' cell phone data and caused a reduction in available data on any data plan. Plaintiffs and the other members of the Classes have all suffered substantially similar harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting wireless spam. Plaintiffs' claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiffs, like other members of the Classes, received unsolicited spam text message and phone calls from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Classes.

49.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiffs have no interest antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to those of the other members of the Classes.

50.     The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Defendant has acted, and/or fails to act, on grounds generally applicable to the Plaintiff and the other members of the Classes by transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

51.     In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no

effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation, in that it conserves the resources of the courts and the litigants, and promotes the consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States of America, who received an unsolicited spam text message from Defendant. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

52.     Adequate notice can be given to the members of the Classes directly using information maintained in Defendant's records or through notice by publication.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**
**(On behalf of Plaintiff and the No Consent Class)**

53.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54.     Defendant failed to obtain prior express written or oral consent to place text message and telephone calls to Plaintiffs or to the other members of the No Consent Class.

55.     At no time did any member of the No Consent Class provide prior express written or oral consent for Defendant to place calls to them on their cellular phones using its autodialer equipment. Despite their lack of consent, Defendant and/or its agent sent autodialed text

11

messages and placed autodialed telephone calls to No Consent Class Members repeatedly using its autodialer equipment, which has the capacity to generate and store and dial numbers, *en masse*, in random or sequential order without human intervention.

56.     Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of its conduct, Plaintiffs and the other members of the No Consent Class are each entitled, under section 227(b)(3)(B), to a minimum of $500.00 in damages for each violation of the TCPA.

57.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the class, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiffs as the representatives of the Class and appointing his attorneys' as Class Counsel;

B.     An award of actual and statutory damages under the TCPA, to be trebled in the event the Court finds that Defendant has acted knowingly and willfully;

C.     An injunction requiring Defendant to cease all wireless spam activities, and otherwise protecting the interests of the Class;

D.     An award of reasonable attorneys' fees and costs; and

E.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated: February 12, 2020                **GENE THROWER and ABANTE ROOTER
                                        AND PLUMBING INC.**, individually, and on
                                        behalf of all others similarly situated,

                                        By: /s/    J. Steven Foley
                                               One of Plaintiff's Attorneys


                                        J. Steven Foley
                                        Law Office of J. Steven Foley
                                        100 Pleasant Street #100
                                        Worcester, Massachusetts 01609
                                        Telephone: 508-754-1042
                                        Facsimile: 508-739-4051

                                        Steven L. Woodrow*
                                        swoodrow@woodrowpeluso.com
                                        Patrick H. Peluso*
                                        ppeluso@woodrowpeluso.com
                                        Stephen A. Klein*
                                        sklein@woodrowpeluso.com
                                        Woodrow & Peluso, LLC
                                        3900 East Mexico Ave., Suite 300
                                        Denver, Colorado 80210
                                        Telephone: (720) 213-0675
                                        Facsimile: (303) 927-0809

                                        Attorneys for Plaintiff and the Class

                                *Pro Hac Vice Application to be filed*