THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE THROWER and ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CITIZENS DISABILITY LLC,<br><br>    Defendant. | Case No. 1:20-cv-10285-GAO |

## ANSWER TO COMPLAINT

Defendant Citizens Disability, LLC, through its undersigned counsel, submits its answer and affirmative defenses to the Complaint ("Complaint') filed by Plaintiffs Gene Thrower, et alia. Except as expressly admitted or denied herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint. In response to the numbered allegations of the Complaint, Defendant answers as follows:

1. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

2. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

3. Defendant denies the allegations of paragraph 3 of the Complaint.

4. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## PARTIES

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

9. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

10. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## COMMON ALLEGATIONS OF FACT

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. The allegations of this paragraph are, or purport to be, legal conclusions for

which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF THROWER

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies

the allegations in this paragraph.

## FACTS SPECIFIC TO PLAINTIFF ABANTE

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

43. Defendant admits that Plaintiff purports to bring this action on behalf of himself and that he purports to bring this action on behalf of other persons similarly situated. To the extent that other specific allegations are asserted, Defendant denies the allegations in this paragraph.

44. The allegations of this paragraph are, or purport to be, legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

53. Defendant restates and reavers its responses as if set forth herein.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. The allegations of paragraph 8 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following Affirmative Defenses to the Complaint and reserves the right to raise such additional affirmative defenses as may be established during the course of discovery and in the investigation of this matter. In asserting these affirmative defenses, Defendant does not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims that they are purportedly asserting.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered a concrete and particularized injury.

## FIFTH AFFIRMATIVE DEFENSE

Prior express consent, as well as prior express written consent, was obtained from Plaintiffs and, therefore, Plaintiffs' claim(s) must fail.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, and those of the members of the putative class, if any, were caused solely by the acts and/or omissions of third parties and not by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant incorporates herein by reference all provisions set forth within 47 U.S.C.§ 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulations) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiffs' claims.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are determinable, that there are common questions of law and fact, and that such questions predominate over individual issues, that the Plaintiffs' claims are typical, and/or that individualized issues can be adjudicated on a class-wide basis, and that the Plaintiffs are an adequate class representative.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant continues to investigate and reserves the right to plead additional affirmative defenses or other defenses.

WHEREFORE, Defendant respectfully requests that the Court (1) enter judgment in Defendant's favor, (2) dismiss the Complaint with prejudice, (3) award Defendant its attorneys' fees and costs incurred in defending this action, (4) deny all relief sought by Plaintiffs, and (5) grant all other relief to which Defendant is entitled or as to which the Court deems just and necessary.

THE DEFENDANT CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted,
Citizens Disability, LLC,
By its Attorneys,


/s/ *Richard E. Levine*

Richard E. Levine, Esq. BBO# 672675
Liam C. Floyd, Esq. BBO #559021
Stanzler Levine, LLC
65 William Street, Suite 205
Wellesley, MA 02481
(617) 482-3198
rlevine@stanzerlevine.com
lfloyd@stanzlerlevine.com

## **CERTIFICATE OF SERVICE**

 I, Richard E. Levine hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 26, 2020.

           */s/ Richard E. Levine*
           Richard E. Levine